### Anna M. Hood *vs.* James M. Hood.

A divorce obtained in Illinois by a citizen thereof from his wife, for the cause of desertion, upon notice to her by publication in a newspaper in the manner prescribed by the stat-utes of that state, is valid, although she was then living in Massachusetts under an agreement by which, after reciting their separation. he promised to pay her a certain weekly sum as long as she should remain single, and although she had no actual no-tice of his proceedings for a divorce and was not in Illinois during the pendency thereof ; and it is not competent for her, in a libel for divorce brought by her in this common-wealth, to offer evidence that he obtained the decree of divorce there by fraud, and upon facts which would not entitle him to a divorce here.

Libel for divorce, setting forth that the parties were married in Rhode Island in 1838; that after about two years they lived together in Somerset in this commonwealth; that she has always been faithful to her marriage obligations, but that he on the 1st of June 1860 and since has committed adultery with Sarah A. Bottsford; that in March 1860 he went to the state of Illinois, as she is now informed, with the fraudulent intention of there procuring without her knowledge a divorce from her for

causes for which no divorce could be granted here; and that she is informed that he did there procure such divorce and married said Sarah A. Bottsford, though she never had notice of the pendency of any such proceedings there, and no cause existed for which a divorce could be obtained by him under the statutes of Illinois or Massachusetts.

The answer set forth that after the marriage of the parties they removed, in 1855, to Illinois, where they lived and cohabited together until February 1859, when she deserted him and has ever since continued such desertion; that he became a citizen of Illinois; that at May term 1861 of the circuit court for Kane County, Illinois, he obtained a decree of divorce from her; and denied that he had committed adultery as alleged, or that he went to Illinois in March 1860 with the particular intention of there procuring, without her knowledge, a divorce from her as alleged in the libel.

At the hearing, before *Metcalf*, J., the following facts appeared: The parties were married and lived together at Somerset as alleged, and about the year 1855 removed to Illinois and there lived together until February 1859, when the libellant, under circumstances as to which there was no evidence, came back to Somerset and there lived with a brother-in-law of the respondent until about April 1860. During this time the respondent was also there and lived at his brother-in-law's for three weeks or more in February and March 1860, and while there executed the following agreement: " Somerset, March 3d 1860. I hereby agree and pledge myself to pay to Anna M. Hood the sum of three dollars per week so long as she shall remain single, we having separated, and this sum being allowed for her separate maintenance, she to have the sole privilege of enjoying her own property as she shall see proper, I agreeing to pay punctually the above three dollars per week at the end of every four weeks. J. M. Hood." The libellant then moved to Fall River, and prior to April 1861 received some money from the respondent, with which she paid her board. The respondent obtained a decree of divorce in Illinois in May 1861 for the cause of desertion, and thereafter married Sarah A. Bottsford

and has since cohabited with her; and in June 1861 he sent to the libellant a letter informing her that he had obtained the divorce. The libellant has resided in Massachusetts since February 1859.

Upon these facts, the case was reserved for the determination of the whole court.

*C. I. Reed*, for the libellant. 1. The divorce in Illinois was obtained by a gross fraud upon the libellant and upon the court. There was no desertion and the respondent knew it; and he either testified falsely himself, or procured other persons to do so. *Jones* v. *Jones*, 13 Alab. 145. *Lea* v. *Lea*, 8 Allen, 418. He left Massachusetts with the fraudulent intention of procuring a divorce. This is charged, and the answer does not deny it, but by implication admits it. It was by his connivance and by his fraud that she was here. As between him and her, her domicil was here. A divorce, so obtained by fraud in another state, without service upon her, and she not appearing or being within the jurisdiction, should be held void here. 2 Bish. Mar. & Div. §§ 760–762, and cases cited. Story Confl. L. § 597. *Carley* v. *Carley*, 7 Gray, 545. *Greene* v. *Greene*, 2 Gray, 361. *Rogers* v. *Rogers*, 15 B. Monr. (Ky.) 364. *Barber* v. *Barber*, 21 How. 582. *Boyd's Appeal*, 38 Penn. State R. 241. *Andrews* v. *Montgomery*, 19 Johns, 164. The libellant has no other redress. The time has expired within which she could resort to the courts of Illinois. She has been guilty of no laches. But she need not go there to get a fraudulent decree set aside. She may treat it as a nullity. 2. The court of Illinois had no jurisdiction. Her domicil for such purposes was in Massachusetts after March 3d 1860. Her husband left her here, agreeing to support her, and went away with the fraudulent intention of procuring a divorce. Under these circumstances, that decree is not conclusive, but may be inquired into. Gen. Sts. c. 107, § 55. Story Confl. L. § 230 d. and cases cited. *Harteau* v. *Harteau*, 14 Pick. 181. *Lyon* v. *Lyon*, 2 Gray, 367. 3. The husband left Massachusetts with the fraudulent intention of procuring a divorce for a cause which would not authorize a divorce here. Gen. Sts. c. 107, § 54.

*J. Brown & C. A. Reed*, for the respondent. 1. The re spondent's domicil was in Illinois; and his domicil was hers. 2 Bish. Mar. & Div. §§ 124–129, and cases cited. The court of Illinois, therefore, had jurisdiction. Ib. §§ 135, 155–170, and cases cited. No fraud can be claimed as to that jurisdiction; and if there was no fraud as to jurisdiction, the decree is valid and conclusive everywhere. *Burlen* v. *Shannon*, 3 Gray, 387. *Greene* v. *Greene*, 2 Gray, 364. 2 Bish. Mar. & Div. §§ 132–142. There is no proof of fraud in obtaining the decree. The second marriage of the respondent was valid under the laws of Illinois, and therefore is valid everywhere. 1 Bish. Mar. & Div. §§ 355–390, and cases cited. Story Confl. L. §§ 79, 81, 113, 121–124.

Hoar, J. The decision upon this libel depends upon the validity of the divorce obtained by the respondent in the state of Illinois. And that depends upon the decision of the question, whether the court by which the decree of divorce was made had jurisdiction of the cause and the parties.

It appears from the report that the parties removed from Massachusetts to Illinois in 1855, and lived there together as husband and wife until February 1859, "when the libellant, under circumstances as to which there was no evidence," returned to Massachusetts, and remained in this commonwealth up to the time of filing her libel. The respondent continued to be a citizen of the State of Illinois, and the domicil of the husband was in law the domicil of the wife. *Greene* v. *Greene*, 11 Pick. 410. *Harteau* v. *Harteau*, 14 Pick. 181. *Barber* v. *Barber*, 21 How. 582. No fact appears which would show that the wife had changed her domicil in Illinois, or had any capacity to change it, when he filed his libel against her. The mere fact of her residence in this commonwealth, separate from her husband, whether with or without his consent, has no tendency to establish such a change of domicil; and there is no proof that the husband had done any act entitling the wife to a divorce, so as to affect her domicil even for the purpose of obtaining a divorce from him.

When the respondent filed his libel in Illinois, therefore, both

parties had their domicil in that state, and were subject to the jurisdiction of the court in which the libel was filed. The notice given to the respondent in that suit was such as the laws of Illinois authorized in the case of an absent defendant; and such as by the laws of this commonwealth is made valid and sufficient in like cases. The decree of a court having jurisdiction of the cause and the parties is conclusive upon them.

But this libellant now alleges that the decree for divorce in Illinois was procured by fraud; and the evidence reported has some tendency to show that the separation was by his consent, and so was not the desertion upon which his libel was founded. But the fact of desertion was conclusively settled between these parties by the judgment in Illinois; and it is not now competent for the libellant to offer evidence to contradict that judgment. *Greene* v. *Greene,* 2 Gray, 361.

The provision of our statute, that "when an inhabitant of this state goes into another state or country to obtain a divorce for any cause occurring here, and whilst the parties resided here, or for any cause which would not authorize a divorce by the laws of this state, a divorce so obtained shall be of no force or effect in this state," (Gen. Sts. *c.* 107, § 54; Rev. Sts. *c.* 76, § 39,) has no application to the case before us, because, when the respondent first went to Illinois, there is no evidence that he had any intention of procuring a divorce; and when he returned to Illinois in 1860, he was not an inhabitant of Massachusetts. " In all other cases, a divorce decreed in any other state or country according to the laws thereof, by a court having jurisdiction of the cause and both the parties, shall be valid and effectual in this state." Gen. Sts. *c.* 107, § 55.

The divorce which the respondent obtained in Illinois is therefore a bar to the maintenance of this libel.

*Libel dismissed.*